## No. 94

### OSBORN v. TOLEDO (City)

No. 20232. Supreme Court

On motion to certify. · Dock. Dec. 27, 1926, 4 Abs. 27.

27. ACTIONS—Where person is employed under Civil Service and is subsequently discharged, may he recover damages for the alleged illegal discharge?

Elmer Osborn had qualified for the position of assistant operator, at the High Pressure Pumping Station of the City of Toledo, under the Civil Service Act, and by ordinance was to receive $166.40. On March 29, 1924, he received a letter from the Commissioner of Water who made the appointments, to the effect that his services would no longer be required, the same to be effective Apr. 1st, 1924, stating therein no reasons for the discharge; that Osborn applied to the Civil Service Commission of the City of Toledo, for reinstatement only, and at the hearing, they attempted to and did hear charges of inefficiency and misconduct, all being heard contrary to law and they refused to reinstate him.

He then instituted a direct suit against the City of Toledo, Ohio for his alleged illegal discharge claiming as damages the difference between what he would have earned had he not been illegally discharged and what he actually did earn. At the trial the City of Toledo, interposed an objection to the introduction of any evidence on the part of Osborn, for the reason that the petition did not state a cause of action against them and the Court overruled the same, and at the close of the plaintiff's evidence, the plaintiff moved for a directed verdict and the City also moved for a directed verdict; the Lucas Common Pleas on passing on the same, granted a directed verdict to the plaintiff in thte amount of $655.93 and overruled the motion of the City, all being done on authority of Luttner v. Cleveland, 92 OS. 493.

On appeal the Court of Appeals found all of the facts as above alleged, found that Osborn had been illegally discharged from his position, found that the Civil Service Commission had no jurisdiction to hear any charges other than those set forth in the order of removal, and that in the present case there were no reasons set forth, but in further passing on the same, found that the plaintiff had no legal right to bring a direct action against the City of Toledo, in the first instance, without having first maintained a mandamus proceeding and thereby been restored to his position.

The questions raised in the present inquiry are as follows:

1. Where the person is illegally discharged and is merely an employee of the City and not an officer is there a contract between him and the municipal body he serves, and does his illegal discharge under this contract give him his recognized right at common law to bring an action for his damages?

2. Does the fact that he has two remedies, viz, mandamus to restore him to his position or employment, and an action for his damages by reason of his illegal removal, prevent him from electing which remedy he will pursue, if he elects not to be restored to his position, but to pursue his remedy of damages?

3. Does the extraordinary remedy of mandamus, take away from a wronged party his common law remedy or remedies where they exist?

4. Is Luttner v. Cleveland, 92 OS. 492, directly disregarded by the Court of Appeals in so deciding as they did, when the Supreme Court has said that there is a contract between an officer and the Municipal corporation he serves, for which he has his remedy of damages in the case of illegal discharge, this being a case of a public employee only?

Attorneys—W. C. Knisley & Frank M. Sala for Osborn; Frank M. Dotson & Chas. T. Lawton for City; all of Toledo.

---

## No. 95

### FRANK v. AUTO BODY CO.

No. 20256. Supreme Court

829. NEGLIGENCE—Where one recovers for injuries sustained while running a circular saw upon ground that same was not properly guarded, can such judgment be reversed as contrary to law upon the ground that such person was president of the company and it was not his duty to run the saw?

Frank contends in the Supreme Court that even if he is president of a company he is entitled to recover for injurits received while running a circular saw which was improperly guarded and such judgment should not be reversed because contrary to law upon ground that it was not his duty to operate the saw.

Attorneys—Preusser & Morris for Frank; O. H. Goudy and Lex Kinter for Company; all of Cleveland.

---

## No. 96

### MATUSOFF v. SHALF

No. 20239. Supreme Court

On motion to certify. Dock. Dec. 30, 1926, 5 Abs. 27.

997. REAL ESTATE—Is real estate salesman entitled to commission where he procures real estate exchange instead of sale where contract reads that he must procure a purchaser ready and willing to buy?

Isaac Matusoff et contends in the Supreme Court that when he procured an exchange of real estate, the same entitles him to full commission even though he was working under contract to find a purchaser ready and willing to buy.

Attorneys—W. S. Rhotehamel and I. L. Jackson for Matusoff; J. H. Shively and C. D. Thompson for Shalf; all of Dayton.